### FLYNT *v.* FONDREN.

[84 South. 188. In Banc. No. 21104.]

1. HIGHWAYS. *Driver of motor vehicle not turning to right liable for colliding with other vehicle on proper side of highway.*
   Where a person driving a motor vehicle upon a public highway, on meeting another motor vehicle, fails to turn to the right,

and by reason thereof collides with the other vehicle, which is on the proper side of the highway, he is guilty of negligence, and is liable for the injury inflicted upon the vehicle injured.

2. HIGHWAYS. *Driver or owner of motor vehicle must show due care and observance of the statute.*

Under sections 7577, 5781, and 5785, Hemingway's Code (Laws of 1916, chapter 116), prescribing rules governing the use of motor vehicles on public highways, and making the injury to persons or property by such vehicles *prima facie* evidence of violation of the law as to the operation, and, as to negligence, the burden is on the driver or owner to show exercise of due care, and the observance of the statutes, and, unless he does so, a judgment against him will not be reversed on the ground that he was justified by necessity in colliding with the injured vehicle.

3. HIGHWAYS. *Driver of motor vehicle not keeping lookout or keeping his machine under control is negligent.*

It is the duty of a driver of a motor vehicle to keep a lookout for other vehicles and persons, and to keep his machine under control. He has no right to assume that the road is clear, but must, under all circumstances, and at all times, be vigilant, and must anticipate and expect the presence of others, and, if he fails so to do, he is guilty of negligence.

4. HIGHWAYS. *Duty of drivers of motor vehicles in approaching curves defined.*

It is the duty of a driver of a motor vehicle, on approaching curves on the highway, to have his machine under control, to keep a lookout for others, and to give notice, by sounding his horn or bell, of his approach, and to reduce the speed of the car to a reasonable and proper speed, not to exceed ten miles per hour.

5. TRIAL. *Court is not required to suspend trial for absence of record evidence.*

Courts are not required to suspend trials to accommodate litigants. It is the duty of litigants to have evidence ready for introduction at the proper time, or, if not ready, to have had process properly issued, and a motion for a continuance presented if the process has not been returned, or is insufficient to procure the evidence. The failure of a defendant to have record evidence at the trial will not require a suspension of the trial in his favor until he can get the record.

-APPEAL from the circuit court of Simpson county. HON. W. H. HUGHES. Judge.

Action by E. L. Fondren against M. L. Flynt. Judgment in the circuit court, on appeal from justice court, in favor of plaintiff, and defendant appeals. Affirmed.

*Hilton & Hilton,* for appellant.

Assignment of error number 2 calls the attention to instruction number 2 granted plaintiff on page 14 of the record, which is in the following language: "The court instructs the jury for the plaintiff that it was the duty of the defendant when he was about to meet the plaintiff to have his car to the right of the center of the road so as to have passed plaintiff without interference. And the court further charges the jury for the plaintiff if you believe by a preponderance of the evidence that said injury to plaintiff's car was caused by defendant neglecting to turn to the right of said road, and not by any negligence of plaintiff, then you must find for the plaintiff in such damages that you may believe from all the evidence he has sustained."

It is to be noted by the instruction that the court tells the jury that it was the duty of defendant when he was about to meet the plaintiff to have turned his car to the right of the center of the road so as to have passed .plaintiff without interference, and if you believe injury to plaintiff's car was caused by defendant neglecting to turn to the right of the road, etc., you will find for the plaintiff, etc.

We call the court's attention to Sec. 5781, vol. 2, Hemingway's Code. By reading that section it is to be noted that when motor vehicles meet on public highways the persons operating the cars shall reasonably turn to the right, etc. This instruction granted by the court makes it mandatory for a person to turn to the right regardless. of situation, etc. It does not allow for those pre-

carious conditions that sometime arise on public highways or on streets, etc. This instruction in fact was a peremptory instruction for plaintiff, because defendant himself admitted that he did not turn to the right but had one of the best reasons known to law as to why he did not, to-wit: "that he believed that if he did so, his life would be in danger." Moreover this instruction does not announce the law correctly because the law of the road as defined by this section makes provision for just such situations as defendant was placed in, in the case at bar, by including the term, "reasonably turn to the right."

In this connection we call the court's attention to the fact that there is no law that requires an automobile to travel at all times on the right hand side of the road but only requires them to reasonably turn to the right when meeting other vehicles, etc. We call the court's attention to the case of *Pallotta* v. *Jackson Light & Traction Co.*, 64 S. R. 938. As stated in paragraph 2 of that opinion: "The rule however is not an inflexible one and circumstances may arise which will make it necessary to violate it."

And further, "That which is not otherwise lawful, necessity makes lawful, and necessity makes a privilege which suspends the law."

Assignment of errors number 3 and 4

We call the court's attention to instruction number 3 granted plaintiff as shown by pages 14 and 15 of the record which is in the following language to-wit: "The court charges the jury for the plaintiff that if you believe by a preponderance of the testimony in this case that plaintiff and defendant were operating motor vehicles on the public highways of the town of Mendenhall and that when the said parties were about to meet, the plaintiff turned his car to the right of the center of the road and if you further believe by a preponderance of the evidence that the defendant negligently kept to the

left of said road failing and refusing to turn to the right of the center of the said road and as a result of said negligence came into collision, or struck plaintiff's car and thereby caused said injury, then in this event it is your sworn duty to find for the plaintiff and assess his damages at a sum that in your judgment will fully compensate him for the damage sustained.''

And in connection therewith we call attention to instruction number 6 as shown by page 15 of the record which is here set out: ''The court charges the jury for the plaintiff that if you believe by a preponderance of the evidence that the defendant saw plaintiff at the said crossing some sixty or seventy yards away and that the said defendant could have reasonably turned his car so as to have escaped said collision then you must find for the plaintiff and assess his damages so as to fully compensate him for the loss sustained.

Both of these instructions are bottomed on the theory that it was the duty regardless of circumstances, for defendant to turn to the right of the road, and moreover they absolutely ignore that principle of law which requires plaintiff to be free of negligence himself, in the operation of his own car, at the time of the collision. They go on the theory that if the defendant neglected to turn to the right of the road and his negligence so to do, caused the collision, then defendant is liable. These two instructions do violence to the law of our state as announced in the case of *Krebs* v. *Pascagoula St. Ry. & Power Company,* 78 So. 753.

This case announces the law that contributory negligence on the part of an automobile operator precludes recovery of damages sustained to the automobile. It was therefore necessary for the two instructions above complained of to have included a statement that plaintiff himself was not guilty of any negligence at the time of the collision, but as given are in direct conflict with the laws of our state and are reversible error. More-

over this same principle is announced in the case of *Koyse* v. *Randle,* 83 Miss. 168.

It might be argued by appellee in this case, that even though these instructions did not state the law correctly that such errors are cured by the instructions obtained by defendant. We answer such argument by saying that all the instructions obtained by the plaintiff, appellee here, announced a principle by which the jury were to be guided, that was foreign to the law of our state. It is true that the instructions given the defendant properly announced the law, but this brought about such a conflict and contradiction in the rules of law given the jury as their guide that it left them in the woods, so to speak. In other words in granting to defendant proper instructions does not cure the error in granting to plaintiff improper instructions. In the case of *M. C. Railroad* v. *Miller,* 40 Miss. 45, the court announced that it was improper to give conflicting instructions to the jury.

In the case of *Southern Railroad Co.* v. *Kendrick et al.,* 50 Miss. 374, the court states in paragraph 2 of the opinion, page 388: "It is remarkable that this instruction states a rule in direct opposition to that stated in the first instruction given for the plaintiffs, and we are unable to perceive upon what principles the learned judge in the court below could have stated such opposite rules to the jury in the same case. The jury were left to determine which of the two contrary rules they would follow; and it would appear that they adopted the one which is erroneous. It was not only error to give the first instruction, but it was irregular to give conflicting instructions, and thereby in effect leave the jury without instruction to guide them with reference to a material question of law arising upon the evidence in the cause."

The same rule as to giving conflicting instructions is announced in the case of *Herndon* v. *Henderson,* 41 Miss. 584; *Ill. Central Railroad* v. *McGowan,* 46 So.,

55.  The rule is announced in the case of *Chapman* v. *Copeland*, 55 Miss. 476: "That where the evidence in the case is very conflicting, it is especially important that there should be no conflict in the instructions."

Therefore it is to be seen that the improper and illegal instructions granted appellee complained of here cannot be cured by the proper instructions given to defendant.

Assignment of error number 5.

This assignment of error complains of the court refusing to give instruction number 2 as asked for by defendant and shown on page 17 of the record.  The instruction is in these words: "The court instructs the jury for defendant that the law requires a person in a vehicle or automobile to reasonably turn to the right when meeting another person on the highway, in a vehicle or automobile, but that which is not otherwise lawful necessity makes a privilege which supersedes the law, and if you believe from the evidence Dr. Flynt was using the care and caution required of a person using the highway in an automobile and that because of Fondren's own negligence, if any, in operating his car at an unlawful rate of speed, Dr. Flynt would have endangered his life or received great bodily harm or had reasonable causes to believe, if he had turned or attempted to turn to the right of the road it is your sworn duty to find for defendant."

This instruction should have been granted because the defense of the appellant in the court below was bottomed upon the fact that Flynt was placed in such a precarious condition by the great speed at which appellee was operating his car, that it was impossible for him to turn to the right of the road.  This is shown by the testimony of appellant on pages 76 and 77 of the record. And this instruction in order that it might cover the statement of facts of appellant and at the same time properly state the law was taken from section 5781,

Hemingway's Code, in so far as his duty lay in turning to the right of the road, and embodied the very phrase of paragraph 2 of the *Pallotta case, supra,* as to when necessity would give him the right not to; turn to the right of the road and then stated the law with regard to Fondren's own negligence, if any. We think this instruction is applicable to the facts in the case and certainly announced the correct principle of law controlling it and should have been granted.

*A. M. Edwards,* for appellee.

Answering the argument of counsel for appellant in which he calls the court's attention| to the assignment of error number 2 in which he assigns for error the granting of instruction No. 2 for the plaintiff, which instruction reads as follows, to-wit:

"The court instructs the jury for the plaintiff that it was the duty of the defendant when he was about to meet the plaintiff) to have turned his car to the right center of the road so as to have passed without interference, and the court further charges the jury if you believe by a preponderance of the testimony that said injury to plaintiff's car was caused by defendant's negligence to turn to the right of said road, and not by any negligence of plaintiff, then you must find for the plaintiff in such damages that you may believe from all the evidence he has sustained.

He also calls the court's attention to section 5781 of Hemingway's Code, in which it is stipulated that when motor vehicles meet on public highways the persons operating them are required to reasonably turn to the right and argues that this instruction given by the court makes it mandatory for a person to turn to the right regardless of the situation. We cannot agree with counsel; moreover we fail to see how, under the facts and circumstances, that appellant could be prejudiced

by the word "reasonably" being left out of the instruction: For the simple reason that it is shown by the testimony and admitted by appellant that he did not attempt to turn to the right. This section referred to by counsel, in our judgment, means exactly what it says, and that is when persons are about to meet on the public highways operating motor vehicles, they are required to reasonably turn to the right, that is to say that when they are within a reasonable distance of each other to kindly turn to the right; and are not required by said language to turn suddenly and abruptly to the right, but to turn' to the right in a prudent and reasonable manner; that they are not either required to go to the extreme in turning to the right but to turn to the right to a reasonable extent, so that each may pass the other without interference. If defendant had turned to the right as required by law, and the question was as to' whether or not he reasonably turned to the right, there might be some merit in his contention, but under the proven facts and circumstances there is none whatever.

Counsel argues that appellant gave a good reason for acting as he did; we do not think so, and evidently the facts there as to the condition of the road, the manipulation of the cars, and as to whether he could have turned to the right, etc., were facts for the jury to decide, which they did. According to the testimony of the appellant himself, when he was at the center of said curve he saw appellee eighty-three yards up the road coming meeting him steering his car to the right of the center of the road, and he failed and refused to turn his car either reasonably or unreasonably to the right but kept on up the road to the left until he run in on the appellee on the extreme right hand side of said road to appellee's right, said action of appellant being in strict violation of the road law. He cites the case of *Pallotta* v. *Jackson Light & Traction Co.*, 64 So. 938. This case is not in point here for the reason the facts are entirely

different; there the right side of the street was obstructed making it a physical impossibility for the party to have occupied that side of the street at that particular time; here no such facts existed, but as before said, the right side of the road was clear and unobstructed, and not anything to prevent him from turning to the right, and as to what he believed would have been the result if he had turned to the right; and his excuses given for not doing so were determined by the jury.

Here we wish to call the court's attention to section 4412 of the Code of 1906, Hemingway's Code, sec. 7092, under which this suit was instituted, which reads as follows: "All drivers of carriages or other vehicles, whether of burden or pleasure, using any public road when met by another carriage or vehicle, shall keep to the right hand, and when overtaken by another carriage or vehicle shall also keep to' the right hand, so as in both cases, to permit the carriage or vehicle so meeting or overtaking to pass free and uninterrupted; and any person wilfully offending against this provision shall be guilty of a misdemeanor, and on conviction, fined five dollars for each offense; and if injury result therefrom, the person so offending shall be subject to an action for damages at the suit of the party injured."

· The above section is the road law which has been violated by the appellant in this case, of which, from the whole testimony in the case, there can be no doubt. And in connection with the above section, I call the court's attention to section 5785, Hemingway's Code, which reads as follows to-wit: Right to recover damages for injury, rule of evidence 12. "Nothing in this act shall be construed as to curtail or abridge the right of any person to prosecute a civil suit for damages by reason of injuries to persons or property resulting from the negligent use of the highways by any motor vehicle, or its owner, or his employee or agent, and in any action

brought to recover any damages, either to person or property, caused by running or operating such motor vehicle in violation of any of the provisions of this act, the plaintiff or plaintiffs shall be deemed to have made out a *prima-facie* case by showing the fact of such injury, and that such person or persons operating or causing to be run or operated, such motor vehicle, was at the time of the injury running or operating, or causing the said motor vehicle to be run or operated in a manner contrary to the provisions of this act."

Appellant assigns for error in numbers 3 and 4 the granting by the court for plaintiff, instructions numbered 3 and 6, and argues therefrom that these instructions ignore that principal of law which requires plaintiff to be free of negligence in the operation of his car at the time the collision took place.

Instruction number 6 complained of reads as follows: "The court charges the jury for the plaintiff that if you believe by a preponderance of the evidence that the defendant saw plaintiff at the said crossing some sixty or seventy yards away and that the said defendant could have reasonably turned his car so as to have escaped said collision, then you must find for the plaintiff and assess his damages so as to fully compensate him for the damages sustained."

We submit that an observance of the above-mentioned statutes together with these and other instructions given in the case, under the testimony in the case, that it will be seen that there is no merit in counsel's contention, and that this assignment of error is not well taken.

We further submit that these instructions announce the law; but that even though an error had been committed in the instructions given for the plaintiff, it would have been cured by the very liberal instruction given for the defendant.

It is a well-settled rule of law in this state that all the instructions in a case are to be construed together, and,

if they correctly announce the law, a reversal will not occur, although some of the instructions in themselves are not correct. See *Hathorn v. State*, 58 Miss. 778; See, also, *Solomon* v. *Compress Co.*, 69 Miss. 319, 10 So. 446, 12 So. 339; *Miss. Central R. R. Co.* v. *Rufus H. Hardy*, 88 Miss. 732.

Error in one instruction is cured where the instructions are of general character and when taken as a whole, fairly presents the law to the jury. *Williams* v. *State*, 95 Miss. 671, 49 So. 513. A misleading instruction as to reasonable doubt will be rendered harmless by other instructions which announce fully the law on the subject above mentioned. *Riley* v. *State*, 18 So. 117.

An error in giving an instruction for the state, which might possibly have misled or confused the jury if taken alone, is cured by full and ample instructions on the subject given for the defendant. *Rogers* v. *State*, 21 So. 130.

Instruction No. 4 given for the defendant is in the following language to-wit: The court instructs the jury for the defendant that if you believe from the evidence that defendant had sufficient reason to believe and did believe from the rate of speed at which Fondren was running his car when he, defendant, discovered him approaching, that his life would be imminently imperiled by turning to the right and that to remain on the left of said road would lessen his danger, then defendant had the right to refuse and fail to turn to the right of said road." The above instruction was based on the testimony of defendant, which has been passed on by the jury.

Instruction Number 1 for defendant reads thus: "The court instructs the jury for defendant that if you believe that Fondren was guilty of any contributory negligence in the operation of his car and said negligence was the proximate cause or contributed to the cause of the collision, it bars his right to recover and you should find for defendant." Given.

The other instructions given for the defendant are equally as liberal as these above set out. The instructions we submit are not conflicting nor misleading, but they properly announce the law of the case. Appellant cites the cases of *Kees* v. *Randle,* 83 Miss. 163; *M. C. Railroad* v. *Miller,* — Miss. 45; *Southern Railroad Co.* v. *Kendrick,* 40 Miss. 374; *Herden* v. *Henderson,* 41 Miss. 584; *Ill. Central Railroad* v. *McGowan,* 46 So. 55,

We submit that none of these cases are in point here for the reason the facts are different; moreover as before said the instructions in the case at bar are not conflicting.

Assignment of error number 5 in which appellant complains of the court refusing to grant for defendant instruction number 2, we submit without comment, and content ourselves by saying that without a doubt the instruction was properly refused.

ETHRIDGE, J., delivered the opinion of the court.

The appellee sued the appellant in the justice court for one hundred and twenty-one dollars and ninety-seven cents for damages inflicted upon his automobile in a collision occurring in the town of Mendenhall, and the case was appealed to the circuit court, and there was tried, and a judgment for sixty-five dollars returned in favor of the plaintiff, from which judgment defendant appeals here, and assigns for error the following: First, that the court erred in not granting defendant an opportunity to produce minute and ordinance book of the town of Mendenhall; second, that the court erred in granting plaintiff's instructions Nos. 2, 3, and 6; and, third, in refusing the defendant's instructions Nos. 1 and 2.

It appears that the plaintiff was going out from Mendenhall to D'Lo, and the defendant was approaching from the opposite direction. When first seen the de-

fendant was coming round a curve and traveling about ten miles per hour, and the plaintiff was traveling from ten to twenty miles per hour. The plaintiff was on the left side of the road coming in and reduced his speed from said rate to from three to seven miles per hour before the collision occurred. According to the plaintiff, the defendant did not reduce his speed, and was on, and continued on, the left-hand side of the road coming in. The plaintiff made satisfactory proof of the damage to his automobile.

Instruction No. 2 for the plaintiff, complained of, reads as follows:

"The court instructs the jury for the plaintiff that it was the duty of the defendant when he was about to meet the plaintiff to have turned his car to the right of the center of the road so as to have passed plaintiff without interference. And the court further charges the jury for the plaintiff, if you believe by a preponderance of the evidence that said injury to plaintiff's car was caused by defendant's neglecting to turn to the right of said road, and not by any negligence of plaintiff, then you must find for the plaintiff in such damages that you may believe from all the evidence he has sustained."

We fail to find any error in this instruction. There was no error in the third instruction for the plaintiff.

The sixth instruction for the plaintiff reads as follows:

"The court charges the jury for the plaintiff that, if you believe by a preponderance of the evidence that the defendant saw plaintiff at the said crossing some sixty-five or seventy yards away, and that the said defendant could have reasonably turned his car so as to have escaped said collision, then you must find for the plaintiff and assess his damages so as to fully compensate him for the loss sustained."

It is contended that this instruction is error, but we fail to comprehend in what respect it is erroneous. According to the plaintiff's testimony, the defendant

could, with reasonable diligence, have seen him at this distance, and it is apparent from the record that, if the defendant had turned to the proper side of the road, the accident would have been avoided.

Section 5777, Hemingway's Code (Laws of 1916, c. 116), provides:

"Upon approaching a bridge, levee, sharp curve or steep descent, and also in traversing such bridge, levee, curve or descent, a person operating a motor vehicle shall have it under control and operate it at a rate of speed not exceeding ten miles per hour, and upon approaching a crossing of intersecting highways at a speed not greater than is reasonable and proper, having due regard to the traffic then on such highway and the safety of the public."

Section 5781, Hemingway's Code (Laws of 1916, c. 116), reads as follows:

"Wherever a person operating a motor vehicle, or causing the same to be operated, shall meet on a public highway any other person riding or driving a horse or horses, or other draft animals, or any other vehicles, the person so operating such motor vehicle, or causing the same to be operated, shall reasonably turn or cause the same to be turned to the right of the center of such highway, street, avenue or alley, so as to pass without interference. Any such person operating, or causing to be operated, a motor vehicle shall, on overtaking any such horse, draft animal or other vehicle, pass on the left side thereof, and the rider or driver of such horse, draft animal or other vehicle shall, as soon as practical, turn to the right of the center of such public highway, street avenue or alley, so as to allow free passage on the left. Any such person so operating, or causing to be operated, a motor vehicle shall, at the intersection of public highways, streets, avenues or alleys of any city, town or village, keep to the right of the intersection of the centers of the highways when turning to the right

and pass to the right of such intersection when turning to the left. Nothing in this section, however, shall be construed as limiting the meaning or effect of any of the other provisions of this act.''

Section 5785, Hemingway's Code, makes out a *prima-facie* action of negligence, and that a motor vehicle was being operated contrary to law in such cases, by showing injury by a motor car or vehicle.

The plaintiff's testimony in this case makes out a case, under these statutes, and it was incumbent upon the defendant to overcome the case so made out. The defendant contends that under the circumstances he was not obliged to turn to the right, but that when he saw the approaching vehicle it was impossible to turn without permitting plaintiff's automobile to strike his automobile on the side, and that he should have had instruction No. 2, refused by the court, which reads as follows:

''The court instructs the jury for defendant that the law requires a person in a vehicle or automobile to reasonably turn to the right when meeting another person on the highway, in a vehicle or automobile, but that which is not otherwise lawful necessity makes lawful and necessary a privilege which supersedes the law, and if you believe from the evidence that Dr. Flynt, was using the care and caution required of a person using the highway in an automobile, and that because of Fondren's own negligence, if any, in operating his car at an unlawful rate of speed, Dr. Flynt would have endangered his life, or received great bodily harm, or had reasonable cause to believe, if he had turned or attempted to turn to the right of the road, it is your sworn duty to find for defendant.''

We think there was no error in refusing this instruction: First, because it does not properly state the law which it seeks to have charged; and, second, because the evidence does not make a case to which the principle sought to be charged may be applied. There was no

sounding of warning by the defendant upon approaching the curve in the road, and he was on the wrong side of the road, and was not therefore free from negligence.

The appellant contends that he is entitled to use any part of the road until he discovers the approach of another vehicle, and that he could not, after he saw the vehicle, without danger to himself, turn to the right. While it is true that a person has a right to use any part of a highway when he is not meeting another, or when another is not seeking to pass him from the rear, still he must use reasonable diligence and keep a lookout for approaching persons or vehicles (2 R. C. L. 1184, section 19), and if he fails to do so he is not in a position to escape liability on the theory of impending necessity. Had the defendant approached the curve by slowing down and sounding his horn, giving notice of his approach, and had he been in the center or on the proper side of the road, and had he kept a proper lookout, he could have avoided the accident.

The jury found for a less amount than it might reasonably have found, and we find no error which would reverse the case.

In so far as the minute and ordinance book was concerned, it was the defendant's duty to have this evidence ready for introduction at the proper time, or, before entering upon the trial, have had process issued in ample time to have had the book produced in court at the trial, and, if not there at the beginning of the trial, to move for a continuance. The court is not required to suspend proceedings to accommodate litigants who are in default, or who have not exercised proper diligence.

The judgment of the court below will therefore be affirmed.

*Affirmed.*